Case 2:00-cr-00269   Document 32   Filed on 03/04/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
March 04, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|    Plaintiff, | § | |
| | § | |
|    v. | § | CRIMINAL CASE NO. 2:00-CR-00269 |
| | § | CRIMINAL CASE NO. 2:10-CR-00757 |
| CHRISTOPHER JAMES TOBIN, | § | |
|    Defendant. | § | |

### ORDER

Pending before the Court are Defendant Christopher James Tobin's duplicate Motions for Modification of Sentence Pursuant to U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 to Reduce Sentence Based Upon Part A of Amendment 821, which he has filed in both of his criminal cases. (2:00-CR-00269, Dkt. Nos. 30, 31; 2:10-CR-00757, Dkt. Nos. 56, 57).

### I.  BACKGROUND

In 2000, Defendant pled guilty to possession with intent to distribute 2,994 grams of cocaine in Case No. 2:00-CR-00269. He was sentenced to 84 months' imprisonment, to be followed by 4 years' supervised release. He was released from prison and began his term of supervision in 2006.

In 2011, Defendant pled guilty to conspiracy to possess with intent to distribute more than five kilograms of cocaine in Case No. 2:10-CR-00757. On the same day the indictment was returned, the Government filed an Information of Prior Conviction and Notice of Enhancement of Punishment Pursuant to 21 U.S.C. § 851, which stated that Defendant had previously been convicted of felony possession with intent to distribute cocaine in Case No. 2:00-CR-00269. As a result, he was subject to a mandatory minimum

sentence of 20 years' imprisonment pursuant to 21 U.S.C. §§ 846, 841(b)(1)(A). On July 14, 2011, the Court sentenced Defendant to 240 months' imprisonment in 2:10-CR-00757. The same day, the Court revoked Defendant's supervision in 2:00-CR-00269 based on his conviction in 2:10-CR-00757 and sentenced him to 36 months' imprisonment, to run concurrent with his sentence in 2:10-CR-00757.

Defendant now moves the Court to reduce his sentences in both cases pursuant to 18 U.S.C. § 3582(c)(2).

## II.     AMENDMENT 821

Defendant first cites retroactive Part A of Amendment 821 to the United States Sentencing Guidelines, which addresses "status points," the additional criminal history points given to offenders who committed the offense of conviction while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Under Part A, (1) offenders with six or fewer criminal history points no longer receive status points, and (2) offenders with seven or more criminal history points only receive one status point instead of two.

### A.     2:00-CR-00269

Because Defendant's revocation sentence in 2:00-CR-00269 was not based on a sentencing range determined by the Guidelines, Amendment 821 does not affect the calculation of his sentence.

### B.     2:10-CR-00757

Defendant had five criminal history points and received two status points because he was on supervised release at the time of the offense in 2:10-CR-00757, resulting in a

total criminal history score of seven and a criminal history category (CHC) of IV. Under Part A of Amendment 821, he receives no status points, resulting in an amended CHC of III. Defendant receives no benefit from Amendment 821, however, because he was sentenced to the mandatory minimum sentence of 240 months pursuant to 21 U.S.C. §§ 846, 841(b)(1)(A). Although Amendment 821 modified how status points are assessed in calculating a defendant's CHC, Congress did not retroactively reduce the statutory minimum sentence for Defendant's crime.[1]

### III.    PROPOSED 2025 AMENDMENT

Defendant also cites a proposed amendment to U.S.S.G. § 4B1.2's Career Offender definition that would "eliminate the use of the categorical and modified categorical approaches by providing a . . . definition of 'controlled substance offense' that lists specific federal drug statutes" and amend "the commentary to the guidelines that use the terms 'crime of violence' and 'controlled substance offense' and define these terms by making specific reference to § 4B1.2." *Notice by the United States Sentencing Commission*, 90 FR 128 (Jan. 2, 2025), *available at* https://www.federalregister.gov/d/2024-31279/p-15.

---

[1] As the Court explained in its September 1, 2021, Memorandum Opinion & Order denying Defendant's motion for a sentence reduction in 2:10-CR-00757, "After December 21, 2018, the mandatory minimum sentence under Section 841(b)(1)(A) was reduced from 20 years to 15 years by Section 401 of the First Step Act (FSA). Pub. L. No. 115-391, § 401(a)(1)(i), 132 Stat. 5194, 5220 (2018)." (2:10-CR-00757, Dkt. No. 55, pp. 9–10). However, "Congress did not make Section 401 retroactive where, as here, the defendant was sentenced before the FSA's enactment on December 21, 2018." (*Id.* at 10).

Even if this proposed amendment becomes effective and is made retroactive, it will not affect the calculation of Defendant's sentence in 2:00-CR-00269 or 2:10-CR-00757 because he was not sentenced as a career offender in either case.

## IV.   CONCLUSION

For the reasons stated above, Defendant's Motions for Modification of Sentence Pursuant to U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 to Reduce Sentence Based Upon Part A of Amendment 821, (2:00-CR-00269, Dkt. Nos. 30, 31; 2:10-CR-00757, Dkt. Nos. 56, 57), are **DENIED**.

It is SO ORDERED.

Signed on March 4, 2025.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**